United States District Court
Southern District of Texas
**ENTERED**
December 29, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| CGBM 100, LLC | § | |
| and ACCUTRANS, INC. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-15-026 |
| | § | |
| FLOWSERVE US, INC., | § | |
| FLOWSERVE CORPORATION | § | |
| and STERLING SHIPYARD, LP. | § | |

## OPINION AND ORDER

Before the Court is the Motion for Summary Judgment of Defendant Sterling Shipyard, L.P. (Sterling); the Motion seeks the dismissal of all claims asserted against it by Plaintiff, CGBM 100, LLC. The Motion (Instrument no. 62) is **GRANTED IN PART AND DENIED IN PART**.

At the outset the Court finds Plaintiff's theory of its claims against Sterling not only weak, but almost disingenuous. Plaintiff negotiated with Flowserve for adequate pumps, it relied upon Flowserve's promises that the pumps would perform adequately, it decided to have Flowserve pumps installed in its barges, it ordered Sterling to purchase Flowserve's pumps and install them on the barges, Sterling followed Plaintiff's instructions by purchasing and installing the pumps Plaintiff wanted and then Plaintiff sued Sterling for the deficiency of the barges to perform as required because of the pumps that Plaintiff itself selected for use in its cargo transfer system. It is difficult to understand how that

progression of events could create much of a viable case against Sterling. That aside, the Court will briefly address what it perceives Plaintiff's remaining claims to be at this time.

Breach of Contract Claim

Plaintiff argues that it never issued the contractually required Protocol of Delivery and Acceptance, which was withheld due to the change order dispute that was ultimately settled. It also claims that the Protocol was withheld due to the inadequacy of the Flowserve pumps it ordered Sterling to purchase and install. However, the Court cannot find that the withholding of the Protocol, alone, establishes Plaintiff's non-acceptance of the barges; therefore, the case turns, as it seems the Parties truly believe, on whether Plaintiff revoked its acceptance. The Court finds it did not. Plaintiff never gave notice of revocation of its acceptance as required by Section 2.608(b) and it has not alleged any cause of action for that remedy. In addition, since taking delivery of the barges, Plaintiff, as prohibited by Section 2.608(b), has had substantial modifications made to the Flowserve pumps, which are, arguably, the only "goods" still in dispute in this case. Finally, the Court finds Plaintiff's reliance on Deere & Co. v. Johnson, 271 F.3d 613 (5th Cir. 2001), unpersuasive. Plaintiff has not only continued to use the barges "to mitigate" its damages, it has pledged them as collateral for loans and insured them against casualty losses and liability for damages, actions which are indicative of exercising ownership of the barges and the pumps. In the absence of a proper revocation of the barges, Plaintiff cannot now assert a viable claim against Sterling for breach of contract. Luig v. North Bay

Enterprises, 817 F.3d 901, 906 (5th Cir. 2016).  Plaintiff's breach of contract claim against Sterling is, therefore, **DISMISSED**.

Breach of Express Warranty Claim

Plaintiff's argument here is simply prophylactic:  it believes Sterling properly installed the pumps or, at least, corrected any installation problems Flowserve imagined or demanded, but just in case the jury somehow rules that installation problems persisted after April 10, 2014, it wants to recover those damages from Sterling.  Sterling argues that Plaintiff has not sued it for faulty installation, but as attractive as that argument appears, this Court agrees with Plaintiff's present assertion that its initial allegation of "each barge's inability to pump cargo without excessive vibration" is sufficient to *allege* faulty installation and to support a potential breach of express warranty claim and the recovery of resultant damages pursuant to Article 12.1 of the Barge Construction Contract.

It is, therefore, **ORDERED** that Sterling's Motion for Summary Judgment (Instrument no. 62) is **DENIED** as to this claim.

Other Claims

Plaintiff has abandoned all other claims previously asserted against Sterling and they are, therefore, **DISMISSED**.

**DONE** at Galveston, Texas, this ____29th____ day of December, 2016.

_____
John R. Froeschner
United States Magistrate Judge