IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| CGBM 100, LLC | § | |
| and ACCUTRANS, INC. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-15-026 |
| | § | |
| FLOWSERVE US, INC., | § | |
| FLOWSERVE CORPORATION | § | |
| and STERLING SHIPYARD, LP. | § | |

**OPINION AND ORDER**

Before the Court is the Motion for Summary Judgment of the Flowserve Defendants seeking the dismissal of the cross-claim for indemnity and contribution asserted against Flowserve by Sterling Shipyard. The Motion (Instrument no. 59) is **GRANTED**.

Indemnity

The contract between Flowserve and Sterling contains no indemnity clause and current Texas law limits common law indemnity to two circumstances: (1) to an innocent retailer in a products liability action and (2) to an innocent defendant whose liability is purely vicarious in a negligence case, Affordable Power L.P. v. Buckeye Ventures, Inc., 347 S.W. 3d 825, 833 (Tex. App. -- Dallas 2001, no pet.), neither of which apply here. Sterling's indemnity claim is, therefore, **DISMISSED**.

Contribution

The only remaining claim Plaintiff CGBM 100 has against Sterling is for breach of express warranty. That claim is contractual in nature because an express warranty comprises part of the basis of the bargain between the contracting parties. <u>Jones v. Pesak Brothers Construction, Inc.</u>, 461 S.W. 3d 618, 628 (Tex. App. - Houston [1st Dist] 2013, no pet.). Texas law does not permit contribution for claims based on contract, only torts. <u>CBI NA-CON, Inc. v. UOP, Inc.</u>, 961 S.W. 2d 336, 341 (Tex. App. -- Houston [1st Dist] 1977, pet. denied); TEX. CIV. PRAC. & REM. CODE § 33.002. Sterling's contribution claim is, therefore, also **DISMISSED**.

**DONE** at Galveston, Texas, this ___29th___ day of December, 2016.

_____
John R. Froeschner
United States Magistrate Judge