UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CGBM 100, LLC and ACCUTRANS, INC. | § § | |
| v. | § § § | Civil Action No. 3:15-cv-00026<br>Diversity<br>Jury Demand |
| FLOWSERVE US INC.,<br>FLOWSERVE CORPORATION and<br>STERLING SHIPYARD, LP | § § § | |

**DEFENDANTS FLOWSERVE US INC. AND FLOWSERVE CORPORATION'S TRIAL BRIEF ON SCOPE OF THOMAS MICKLAS' EXPERT TESTIMONY**

*To the Honorable John R. Froeschner, United States Magistrate Judge:*

Defendants Flowserve US Inc. and Flowserve Corporation (collectively "Flowserve") file this Trial Brief concerning the scope of the trial testimony of Plaintiffs CGBM 100, LLC and Accutrans, Inc.'s (collectively, "Plaintiffs") designated expert Thomas Micklas.

**I.
Introduction**

This case involves a commercial dispute over the construction of two barges and the sale of four barges pumps that were to transport Coker feed also known a vacuum tower bottoms ("VTBs") for CITGO Refining and Chemicals LP ("Citgo"). CGBM is the owner and purchaser of the barges. CGBM had a contract with Sterling Shipyard LP ("Sterling") to build the barges. In turn, Sterling had a contract with Flowserve to provide the four pumps that would unload the VTBs off the barges. Plaintiffs claim generally that the barges and the pumps were not built properly, which resulted in additional costs to modify the barges and the pumps. CGBM also alleges that it had to lease replacement barges to meet its obligations to Citgo while the Sterling barges and Flowserve pumps were being modified. Flowserve strongly denies Plaintiffs'

allegations because the pumps met the specification in the proposal that led to the purchase order issued by Sterling to Flowserve. The barges are now in use and operating according to plan. The case is currently set for trial beginning January 17, 2017.

Thomas Micklas ("Micklas") is an engineer Plaintiffs hired to "retrofit" the Flowserve pump assemblies at issue in this lawsuit. Micklas was identified early in the case as a person with knowledge of relevant facts, and on January 12, 2016, Flowserve's counsel deposed him as a fact witness to determine what changes he made to the Flowserve pumps. On April 8, 2016, Plaintiffs designated Micklas as a non-retained expert. Plaintiffs' *entire* expert disclosure concerning Micklas states as follows:

> Mr. Micklas and Bayou City Pump Company were hired by Plaintiffs to redesign and fix the Flowserve pump systems after Flowserve failed to do so. Mr. Micklas has been deposed in this case. He may be called upon to give testimony in the form of factual knowledge, as well as his opinions within his respective area of expertise.

*See* Plaintiffs' Designation of Expert Witnesses, attached hereto as "Exhibit A," at pg. 2-3. Micklas' involvement in the "retrofit" of the subject pumps was explored during the January 12, 2016, deposition. To date, Plaintiffs have not supplemented their expert disclosures.

Plaintiffs have listed Micklas as a witness who will give live testimony at the upcoming trial. Plaintiffs' counsel has represented verbally to Flowserve's counsel that the scope of Micklas' trial testimony will not exceed his January 12, 2016 deposition and that he has not looked at any new material, performed any new calculations or conducted any new research to develop any new opinions or to support any prior opinions. Nevertheless, out of an abundance of caution, Flowserve submits this trial brief requesting the Court to limit Micklas' testimony to the testimony provided during the January 12 deposition and to exclude any opinions formulated after the deposition or based on investigations, documents, or other data or materials

subsequently reviewed by Micklas. Plaintiffs' disclosure fails to identify any opinions or the basis for any such opinions.

## II.
## Argument and Authorities

Rule 26(a)(2) provides that a party must disclose the identity of any expert witness it intends to use at trial. FED. R. CIV. P. 26(a)(2)(A). If the expert witness is not retained or specially employed to provide expert testimony, the disclosure must include (1) the subject matter on which the witness is expected to testify, and (2) a summary of the expert's factual knowledge and opinions. FED. R. CIV. P. 26(a)(2)(B). A party is required to "supplement" its expert disclosures "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]" FED. R. CIV. P. 26(a)(2)(E) & 26(e)(2). The party's duty to supplement is "ongoing" and exists independently of any request from the opposing party. FED. R. CIV. P. 26(e)(2); *see Union Pump Co. v. Centrifugal Tech. Inc.*, 404 Fed. Appx. 899, 909 (5th Cir. 2010).

The purpose of the rules regarding disclosure and supplementation is to "prevent unfair surprise at trial" and "prevent[ ] experts from 'lying in wait' to express new opinions at the last minute[.]" *Minebea Co. v. Papst*, 231 F.R.D. 3, 5–6 (D.D.C.2005); *accord Reed v. Iowa Marine and Repair Corp.*, 16 F.3d 82, 85 (5th Cir. 1994); *Sec. & Exch. Comm'n v. Life Partners Holdings, Inc.*, 2013 WL 12076934, at *3 (W.D. Tex. 2013). For this reason, failure to disclose or supplement expert testimony may result in the exclusion of all or a portion of the testimony, unless the failure was substantially justified or is harmless. FED. R. CIV. P. 37(c)(1). Exclusion of improperly disclosed expert witnesses is "self-executing," "automatic," and designed to "to provide a strong inducement for disclosure of material[.]" FED. R. CIV. P. 37, Advisory Comm.

Note (1993); *see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir.2001)(Rule 37 "gives teeth" to the disclosure requirements of Rule 26(a)(2)); *Carr v. Montgomery County, Tex.*, H-13-2795, 2015 WL 5838862, at *4 (S.D. Tex. 2015)(Miller, J.). The burden falls on the party facing the sanction to demonstrate that its expert witness should not be excluded under Rule 37. *Yeti*, 259 F.3d at 1107; *see also Torres v. City of Los Angeles*, 548 F.3d 1197, 1213 (9th Cir. 2008).

Here, Plaintiffs' three-sentence "disclosure" concerning Micklas is wholly inadequate under Rule 26. Indeed, Plaintiffs' disclosure provides nothing more than Micklas' name and address and identifies him as an individual "hired by Plaintiffs to redesign and fix the Flowserve pump systems." *See* Exhibit A at pg. 2-3. Plaintiffs provide absolutely no information concerning the subject matter of Micklas' testimony or the facts and opinions he will present. Rather, Plaintiffs merely state, in tautological fashion, that Micklas will offer "his opinions" and will give testimony "in the form of factual knowledge[.]" Such disclosure does not scratch the surface of the requirements under Rule 26(a)(2)(C), and courts have repeatedly held similar disclosures insufficient. *Skyeward Bound Ranch v. City of San Antonio*, 2011 WL 2619104, at *1 (W.D. Tex. 2011) (disclosure stating non-retained expert "will testify regarding [a sweepstakes program's] operation as well as damages in this case" held insufficient under Rule 26(a)(2)(C)); *Cont'l Cas. Co. v. F-Star Prop. Mgmt., Inc.*, 2011 WL 2887457, at *7 (W.D. Tex. 2011)(holding that disclosures which "contain the subject matter that the experts will testify to but lack a summary of the facts and opinions of the experts' expected testimony . . . violate Federal Rule of Civil Procedure 26(a)(2)(C)(ii).").

Nevertheless, Plaintiffs' disclosure *does* impliedly link the scope of Micklas' anticipated trial testimony to his January 12 deposition, acknowledging as it does that "Mr. Micklas has been

4

deposed in this case." *See* Exhibit A at pg. 3.  This stands to reason, given that part of the purpose behind Rule 26 is "to provide notice to opposing counsel—***before the deposition***—as to what the expert witness will testify[.]" *Booker v. Moore*, 2010 WL 2426013, at *2 (S.D. Miss. 2010) (emphasis added); *accord Ciomber v. Cooperative Plus, Inc.*, 527 F.3d 635, 642 (7th Cir.2008); *see Minebea*, 231 F.R.D. at 6 (noting Rule 26 is designed to prevent experts from "express[ing] new opinions at the last minute, ***thereby denying the opposing party the opportunity to depose the expert on the new information***[.]") (emphasis added).  Thus, Flowserve agrees that Micklas may be permitted to testify concerning the testimony provided during the January 12 deposition.  *See Previto v. Ryobi N. Am., Inc.*, 2010 WL 5185070, at *2 (S.D. Miss. 2010)(supplementation of disclosures consistent with earlier deposition testimony held sufficient under Rule 26).

However, to the extent Micklas' trial testimony *exceed*s the scope of his deposition, or relies on data reviewed or opinions formed after the deposition, such testimony clearly violates Rule 26 and should be excluded under Rule 37.  Plaintiffs have never supplemented their disclosures concerning Micklas, and Flowserve has not been apprised of any opinion Mr. Micklas intends to offer.  To the extent any such opinions exist, Plaintiffs were under an ongoing duty to inform Flowserve of them.  F<small>ED</small>. R. C<small>IV</small>. P. 26(e)(2).  Allowing Micklas to testify concerning matters outside the scope of his deposition would effectively "ambush [Flowserve] at trial with wholly new opinions and/or bases or examples thereof." *Ashford v. Wal-Mart Stores, LP*, 2013 WL 152853, at *2 (S.D. Miss. 2013).  Accordingly, any expert testimony by Micklas exceeding the scope of his January 12 deposition has not been adequately disclosed and should be excluded.

### III.
### Summary and Prayer

Flowserve is entitled to disclosure of the identity of Plaintiffs' experts as well as the subject matter of their testimony and the general substance of the facts and opinions to be presented. Here, Plaintiffs have wholly failed to disclose the nature of Micklas' testimony beyond referencing his January 12 deposition. Accordingly, Micklas' trial testimony should be limited to the deposition testimony to prevent unfair surprise to Flowserve.

**WHEREFORE, PREMISES CONSIDERED**, Defendants Flowserve US Inc. and Flowserve Corporation pray that the Court limit Micklas' testimony as described above, and for such other and further relief, at law or in equity, as to which Defendants may show themselves to be justly entitled.

Respectfully submitted,

*/s/ Raymond A. Neuer*
Raymond A Neuer
State Bar No. 14928350
Federal Bar No. 11085
2500 Two Houston Center
909 Fannin Street
Houston, Texas 77010-1003
713.951.1000 – telephone
713.951.1199 – facsimile
rneuer@sheehyware.com
***Attorney-in-Charge for Defendants***
***Flowserve US Inc. and Flowserve Corporation***

**Of Counsel:**
SHEEHY WARE & PAPPAS, PC
2500 Two Houston Center
909 Fannin Street
Houston, Texas 77010-1003
713.951.1000 – telephone
713.951.1199 – facsimile

## **CERTIFICATE OF SERVICE**

This will certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to the Texas Rules of Civil Procedure on January 16, 2017.

                                              */s/ Raymond A. Neuer*
                                              Raymond A. Neuer

2688789_1