UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CGBM 100, LLC and ACCUTRANS, INC. § | | |
| § | | |
| v. § | | Civil Action No. 3:15-cv-00026 |
| § | | Diversity |
| § | | Jury Demand |
| FLOWSERVE US INC., § | | |
| FLOWSERVE CORPORATION and § | | |
| STERLING SHIPYARD, LP § | | |

**DEFENDANTS FLOWSERVE US INC. AND FLOWSERVE CORPORATION'S TRIAL BRIEF CONCERNING PROPORTIONATE RESPONSIBILITY OF STERLING SHIPYARD, LP.**

*To the Honorable John R. Froeschner, United States Magistrate Judge:*

Defendants Flowserve US Inc. and Flowserve Corporation (collectively "Flowserve") file this Trial Brief concerning the proportionate responsibility of Sterling Shipyard, LP's ("Sterling") for the damages claimed by Plaintiffs CGBM 100, LLC and Accutrans, Inc.'s (collectively, "Plaintiffs") in this lawsuit.

## I.
## Introduction

This case involves a commercial dispute over the construction of two barges and the sale of four barges pumps that were to transport Coker feed also known a vacuum tower bottoms ("VTBs") for CITGO Refining and Chemicals LP ("Citgo"). CGBM is the owner and purchaser of the barges. CGBM had a contract with Sterling to build the barges. In turn, Sterling had a contract with Flowserve to provide the four pumps that would unload the VTBs off the barges. Plaintiffs claim generally that the barges and the pumps were not built properly, which resulted in additional costs to modify the barges and the pumps. CGBM also alleges that it had to lease

replacement barges to meet its obligations to Citgo while the Sterling barges and Flowserve pumps were being modified. Flowserve strongly denies Plaintiffs' allegations because the pumps met the specification in the proposal that led to the purchase order issued by Sterling to Flowserve. The barges are now in use and operating according to plan. The case is currently set for trial beginning January 17, 2017.

Plaintiffs initiated this lawsuit naming both Flowserve and Sterling as defendants. Recently, Plaintiffs settled their claims against Sterling and, on January 12, 2017, filed an Agreed Motion to Dismiss with Prejudice all their claims against Sterling. Notwithstanding the recent settlement, Flowserve is entitled under the Texas Proportionate Responsibility Statute to present evidence concerning Sterling's liability for Plaintiffs' claimed damages and to have the jury determine Sterling's percentage of responsibility.

## II.
## Argument and Authorities

Section 33.003 of the Texas Proportionate Responsibility Statute requires that "[t]he trier of fact, as to each cause of action asserted, shall determine the percentage of responsibility . . . for the following persons with respect to each person's causing or contributing to cause in any way the harm for which recovery of damages is sought[:]  (1) each claimant; (2) each defendant; (3) each settling person; and (4) each responsible third party who has been [properly] designated[.]" TEX. CIV. PRAC. & REM. CODE § 33.003.  In other words, "[t]he applicable statute mandates a determination of the percentage of responsibility not only of the plaintiffs and defendants to the lawsuit, but also of any 'settling person'" provided that "evidence of the culpability of such party has been introduced at trial." *In re Sunpoint Sec., Inc.*, 377 B.R. 513, 569 (Bankr. E.D. Tex. 2007); *see Isaacs v. Bishop*, 249 S.W.3d 100 (Tex. App.—Texarkana 2008, pet. denied) (applying Chapter 33 in case involving fraud and contributory negligence).

Unquestionably, Sterling is a "settling party" within the meaning of the statute.  *See* TEX. CIV. PRAC. & REM. CODE. § 33.011(5) ("'Settling person' means a person who has, at any time, paid or promised to pay money or anything of monetary value to a claimant in consideration of potential liability with respect to the . . . harm for which recovery of damages is sought."). Accordingly, Flowserve is entitled to present evidence concerning Sterling's liability for Plaintiffs' claimed injuries and to submit the question to the jury.

Plaintiffs may argue that permitting evidence and argument concerning Sterling's liability will open the door to the so-called "empty chair defense"—a trial tactic in a multi-party case whereby one defendant attempts to impute liability to another defendant who has been dismissed or otherwise removed from the case.  *Hilliard v. SunTrust Bank, Inc.*, 3:11-CV-275, 2012 WL 5866227, at *3 n.3 (E.D. Tenn. Nov. 19, 2012).  Though not expressly recognized in the Federal Rules of Civil Procedure or the Federal Rules of Evidence, courts routinely acknowledge this tactic as valid and permissible.  *Kunz v. DeFelice*, 538 F.3d 667, 678 (7th Cir. 2008) (holding defendant was permitted "to point at those empty chairs and question how much of the harm he was responsible for."); *Dunlap Enterprises v. Roly Poly Franchise Sys., L.L.C.*, 05-08-01556-CV, 2010 WL 2880179, at *3 (Tex. App.—Dallas July 23, 2010, no pet.) (affirming trial court's enforcement of forum selection clause, noting with approval that doing so gave defendant "a tactical advantage in the form of an 'empty-chair' defense."); *Kase v. Salomon Smith Barney, Inc.*, 218 F.R.D. 149, 158 (S.D. Tex. 2003) (noting that plaintiff's failure to join a potentially liable party "allows [defendant] to blame the empty chair."); *Graham v. Brown*, 93-1110-CIV-T-17A, 1994 WL 456631, at *3 (M.D. Fla. Aug. 18, 1994) ("[I]t is not per se impermissible for a defendant to point to an empty chair . . . and claim that that party is responsible for the Plaintiffs' injuries.").  Indeed, courts have held that this tactic is "common" and "inevitable" in cases with

more than one potentially liable party. *Cotton v. Sassak*, 2:06-CV-15208, 2009 WL 2444330, at *8 (E.D. Mich. Aug. 7, 2009) ("It is common, of course, for defense counsel to employ an 'empty chair defense'—blaming fault on an absent third party in an attempt to exonerate their own clients of any wrongdoing."); *Warner/Elektra/Atl. Corp. v. County of DuPage, Ill.*, 83 C 8230, 1991 WL 32776, at *3 (N.D. Ill. Mar. 6, 1991) ("[The] burden [of litigating the liability of a non-party] is the inevitable consequence of the empty chairs which result from settlement with co-defendants[.]").

Here, Flowserve maintains that Sterling and CGBM are responsible for Plaintiffs' claimed damages. Flowserve anticipates that the evidence and testimony presented during trial will support Sterling's (and CGBM's) responsibility. As a matter of long-recognized trial practice in federal court, Flowserve is permitted to acknowledge Sterling's status as a former party to this case and to present evidence concerning Sterling's responsibility. *Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1231 (9th Cir. 1989) ("Obviously, there will be a certain amount of 'fingerpointing' at the 'empty chair.'"); *Morris v. Long*, 1:08-CV-01422-AWI, 2012 WL 3276938, at *7 (E.D. Cal. Aug. 9, 2012) ("Defendant is entitled to present an empty chair defense, and such strategy might involve references to parties and/or claims that have been dismissed."). The fact that Plaintiffs may attempt to characterize this as an improper "empty-chair defense" is simply immaterial.

Plaintiffs may also contend that, because Sterling is a settling defendant, Rule 408 of the Federal Rules of Evidence precludes evidence or argument referring to Sterling, its responsibility for Plaintiffs' damages, and/or its prior presence in this lawsuit as pertaining to compromise offers and negotiations. *See* FED. R. EVID. 408. Rule 408 provides that evidence of (1) furnishing, promising, or offering valuable consideration in compromising or attempting to

4

compromise the claim, and (2) conduct or a statement made during compromise negotiations "is not admissible—on behalf of any party—either to prove or disprove the validity or amount of a disputed claim[.]" *Id.* Rule 408, however, has absolutely no applicability here, because Flowserve is not seeking to introduce the Sterling settlement agreement with Plaintiffs in this lawsuit, unless necessary to establish with the Court (only) that Sterling is a settling defendant.

Rather, Flowserve seeks to identify Sterling as a prior party, present evidence as to its responsibility for some or all of the damages claimed, and submit the question of Sterling's proportionate responsibility to the jury as mandated by Chapter 33. *See* TEX. CIV. PRAC. & REM. CODE § 33.003. Nothing in Rule 408 precludes this. Indeed, Courts—including the United States Supreme Court—have acknowledged a defendant's right to admit this type of evidence and argument concerning settling defendants. *See McDermott, Inc. v. AmClyde*, 511 U.S. 202, 217 (1994) (noting with approval that "a defendant will often argue the 'empty chair' in the hope of convincing the jury that the settling party was exclusively responsible for the damage" and further reasoning that "[t]he parties will often need to describe the settling defendant's role in order to provide context for the dispute."); *Plyler v. Whirlpool Corp.*, 08 C 6637, 2012 WL 469883, at *3 (N.D. Ill. Feb. 13, 2012) (holding the "empty chair defense" permissible against "third entity not [a] party to the lawsuit, including prior parties that have since settled with the plaintiff."); *Cargill Ferrous Intern. Div. of Cargill, Inc. v. M/V PRINCESS MARGHERITA*, CIV. A. 98-3825, 2001 WL 1426678, at *1 (E.D. La. Nov. 13, 2001) (noting that non-settling defendants "will have the advantage of pointing to an empty chair" for a settling defendant); *Warner/Elektra/Atl. Corp.*, 1991 WL 32776, at *3 ("[The] burden [of litigating the liability of a non-party] is the inevitable consequence of the empty chairs which result from settlement with co-defendants[.]"); *Harrison v. Garber Bros., Inc.*, 750 F. Supp. 203, 206 (E.D. La. 1990)

5

(permitting "empty chair" defense concerning a settling individual, even though individual was never made a party to the case).

### III.
### Summary and Prayer

Flowserve is permitted to identify Sterling as a former party to this case, present evidence concerning Sterling's responsibility for the damages claimed, and submit the question of Sterling's liability to the jury. Nothing in Rule 408 or any other evidentiary or procedural provisions prevents this. To the contrary, such action is *required* under Chapter 33. Accordingly, Flowserve requests that the Court overrule any objection Plaintiffs may assert to any such evidence and argument.

**WHEREFORE, PREMISES CONSIDERED**, Defendants Flowserve US Inc. and Flowserve Corporation pray that the Court grant the relief requested above and for such other and further relief, at law or in equity, as to which Defendants may show themselves to be justly entitled.

Respectfully submitted,

*/s/ Raymond A. Neuer*
Raymond A Neuer
State Bar No. 14928350
Federal Bar No. 11085
2500 Two Houston Center
909 Fannin Street
Houston, Texas 77010-1003
713.951.1000 – telephone
713.951.1199 – facsimile
rneuer@sheehyware.com
***Attorney-in-Charge for Defendants***
***Flowserve US Inc. and Flowserve Corporation***

**Of Counsel:**
SHEEHY WARE & PAPPAS, PC
2500 Two Houston Center
909 Fannin Street
Houston, Texas 77010-1003
713.951.1000 – telephone
713.951.1199 – facsimile

**CERTIFICATE OF SERVICE**

   This will certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to the Texas Rules of Civil Procedure on January 16, 2017.

                */s/ Raymond A. Neuer*
                Raymond A. Neuer

2695130_1